ON REHEARING
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge:
Pearlie Warner and Laura Kilpatrick were married in Washington Parish, Louisiana, on August 22, 1923. In the application for the license, Laura Kilpatrick swore that she had not been previously married.
On November 20, 1936, Woodie Houston and Laura Kilpatrick were married in Washington Parish, Louisiana. In the application for the license, Laura Kilpatrick swore that she had not been previously married.
By two deeds dated July 31, 1947, Pearlie Warner, recited to be the husband of Flossie Mondy, acquired Lots 3, 4, and 5 of Block 5 of the Washington Addition to the City of Bogalusa.
By deed dated August 20, 1947, Pearlie Warner and Flossie Mondy Warner, recited to be husband and wife, acquired Lots 1 and 2 of the same square.
On June 19, 1948, Pearlie Edger Warner and Flossie Mondy were married in Pearl River County, Mississippi.
On March 6, 1970, Pearlie Warner and Laura Kilpatrick were divorced.
On December 4, 1972, Laura Houston instituted this suit against Flossie Mondy, alleging herself to be the owner of an undivided one half interest in all of the above lots as the divorced wife of Pearlie Warner. It is alleged that Flossie Mondy might assert a claim to the property because of the recitations in the deeds that she was married to Pearlie Warner.
The principal defense made by Flossie Mondy is by way of an exception of no right of action, in which it is alleged that Laura Houston was legally married to one Arrie Murie when she married Pearlie Warner. In Support of the exception, defendant introduced into evidence a copy of a certificate of marriage between Arrie Murie and Laura Kilpatrick in Perry County, Mississippi, dated January 11, 1920.
The exception was referred to the merits, and on the trial of the case, Laura Houston denied any knowledge of a previous marriage. From other testimony, we gather that Pearlie Warner was deceased at the time of trial.
Under the above circumstances, we are persuaded that Flossie Mondy can have no interest in the property, other than as the purchaser of an undivided one half interest in Lots 1 and 2 of Square S. She and Pearlie Warner were not married until after the acquisitions, and she can not enjoy the status of a putative wife in good faith as to property acquired prior to the marriage. She therefore has no interest in the subject matter of this suit, which is the purported ownership of community interest in the properties by Laura Houston.
 There are, however, parties who do have such an interest and who are therefore indispensable parties hereto. These are the heirs of Pearlie Warner. This court has the authority to recognize the absence of indispensable parties and to remand for purposes of their joinder. Articles 927, 2164, Code of Civil Procedure. We are of the opinion that a judgment recognizing ownership of property by one party can not be rendered against another party who has no adverse interest therein and who is not in possession thereof. Article 3651, Code of Civil Procedure.
*94 The judgment appealed from is therefore reversed and the case remanded to the trial court. Plaintiff is granted 60 days from the date hereof to join the heirs of Pearlie Warner as parties defendant, otherwise this case will be dismissed without prejudice. Costs of this appeal will be borne by plaintiff.
Reversed and remanded.